UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SCOTT AND LAURA BELL,           ) | |
|                                  ) | |
|     Plaintiffs,           ) | |
|                                  ) | 1:07-cv-936-JDT-WTL |
| vs.                                       ) | |
|                                  ) | |
| ANDERSON COMMUNITY SCHOOLS, ) | |
| et al.,                                    ) | |
|     Defendants.         ) | |

**ENTRY REGARDING MOTION TO BAR TESTIMONY
AND CERTAIN EVIDENCE**

On July 20, 2007, in its Entry Concerning Status Conference of July 20, 2007, the Court established a discovery schedule which, among other things, obligated the Plaintiffs to deliver their responses to the Defendants' written discovery requests by no later than 5:00 p.m. on July 25, 2007. On July 30, 3007, the Defendants filed the instant motion, in which they report that the Plaintiffs' discovery responses were incomplete in numerous respects and that the Plaintiffs failed to correct the inadequacies when requested to do so by the Defendants. Specifically, the Plaintiffs have produced no documents in response to the Defendants' document requests and have provided little or no substantive information in response to the Defendants' interrogatories, in some cases objecting on relevance grounds and in other cases simply not providing the information sought in the interrogatory.

In their motion, the Defendants ask that the Plaintiffs be barred from submitting any documentary evidence at trial because they had not (either at the time of the motion or by the time of the Defendants' reply in support of the motion) produced any documents in response to the Defendants' document requests.  This request is **GRANTED**; to the extent that the Plaintiffs have not produced a document that is encompassed by the Defendants' document requests by the time this Entry is entered on the Court's docket,[1] the Plaintiffs will not be permitted to offer that document as evidence at trial.  The Defendants further request in their motion that

> the Court prohibit testimony relating to the following topics as a result of the Bells' non-responses to the Interrogatories: (1) the residency or custodial status of any of their children; (2) the financial impact of the Uniform Dress Code or the alleged financial hardship of complying with the Uniform Dress Code; (3) factual testimony supporting the claims that the Uniform Dress Code violates the First Amendment or Fourteenth Amendment; (4) testimony in support of claims that the Uniform Dress Code violates the Indiana Constitution or Ind. Code § 22-9-1-2; (5) testimony in support of a claim under the IDEA; and (6) testimony that their child(ren)'s IEP exempts him or her from compliance with the Uniform Dress Code.

The Defendants are entitled to know the factual basis of the Plaintiffs' claims prior to trial so that they have the opportunity to verify the accuracy of the facts alleged; that is the purpose of the discovery process.  Therefore, the Defendants' request to bar testimony at

---

[1] It would be well within the Court's discretion to exclude any documents that were not produced by the July 25, 2007, deadline.  However, in light of the Plaintiffs' pro se status, and the fact that the documents in question are unlikely to be complicated or require significant analysis by the Defendants, if the Plaintiffs have produced any documents, the Magistrate Judge will permit the Plaintiffs to use them at trial.  However, inasmuch as trial is scheduled to begin in less than seventy-two hours, and the Defendants are entitled to have some time to consider and process any documents prior to trial, if a document has not been produced by now, it is simply too late.

trial is **GRANTED** to the extent that it involves factual information that the Plaintiffs have failed to provide in response to the Defendants' interrogatories.[2] In light of the Plaintiffs' pro se status, however, the Plaintiffs will not be prohibited from making legal arguments simply because they did not adequately articulate those arguments in response to the Defendants' interrogatories.

  SO ORDERED: 08/03/2007

_____
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Rhonda Y. Breman
BOSE MCKINNEY & EVANS, LLP
rbreman@boselaw.com

Judy L. Woods
BOSE MCKINNEY & EVANS, LLP
jwoods@boselaw.com

SCOTT and LAURA BELL
2026 Main Street
Anderson, IN 46016

---

[2] Inasmuch as the Plaintiffs have stated that they provided as much information "as possible or that was relevant" to their request for an injunction, it appears to the Magistrate Judge that the Plaintiffs do not intend to provide any additional information at trial. However, the Defendants are entitled to know for sure that they will not be ambushed by information at trial that they sought but were not provided during the discovery process.